JENNIE ALTSCHUL, PROSECUTOR, v. MAYOR AND ALDER-
MEN OF JERSEY CITY ET AL., DEFENDANTS.

Submitted May 16, 1930—Decided September 11, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *David A. Newton.*

For the defendant Jersey City, *Thomas J. Brogan.*

For United New Jersey Railroad and Canal Company, and
Colgate Palmolive Peet Company, *Albert C. Wall.*

PER CURIAM.

We are unable to discern that the situation indicated by
the depositions taken under this rule differs in any essential
particular from that presented to and passed upon by Mr.
Justice Swayze in 1915, in the unreported case of Kennedy
*v.* Jersey City. The ordinance now attacked is a mere *ad-
dendum* to the ordinance of 1914, considered in that case,
and was prompted by the fact that the corporation (or per-
haps partnership) of Colgate & Company had become, evi-
dently by merger with competitive interests, the corporation
of Colgate-Palmolive-Peet Company, and it was desired that
the privilege enjoyed by Colgate & Company, under the ordi-
nance of 1914, which was to run for a term of twenty years,
should be available to the new corporation for the remainder
of the term, *i. e.,* until 1934.

We find it unnecessary to consider the attack made on Mr. Justice Swayze's unreported opinion in matters of detail. The original ordinance and its amendment both undertake to permit a spur track leading southward from the railroad terminal at Jersey City, across Exchange Place, through Hudson street (in which it was also used as a street car track) and so into the Colgate plant, such spur to enable freight cars and coal cars to pass between the Colgate plant and the railroad without breaking bulk. At first they were drawn by horses, and later an "electric mule" was substituted. Most of the transfer occurs at night. The rail is of different cross section from the railroad rail, and the top is flush with the street surface and creates no obstruction to street traffic. The district is devoted to factories, warehouses, wharves and shipyards. The practical importance of such a facility is obvious. The prosecutrix herself applies in right of ownership of a factory property abutting on the street in which this track is laid.

The situation seems to indicate neither a railroad nor a street railway, but something differing from either. Hence such decisions as *Seaman* v. *Perth Amboy,* 98 *N. J. L.* 174, are of little help, except that in that case Mr. Justice Bergen held in this court as a question of fact that prosecutor had an interest to support the writ. 97 *Id.* 76, 78, 79. In the present case we see no such interest, in view of such cases as *Montgomery* v. *Trenton,* 36 *Id.* 79, 85, and *Tallon* v. *Hoboken,* 60 *Id.* 212, 218, in which latter case the relief was limited to the erection of a trolley pole on lands in the street of which the prosecutor owned the fee, and the stringing of wires on such pole, but denied as to the rails in the roadway.

We conclude that no satistacfory case has been made for the favorable exercise of our discretion by allowing a writ, and the rule to show cause is therefore discharged, with costs.